Employers' L. Assur. Corp. v. Hayes Constr. Co. 261

1926.]                Statement of case.                [243 N. Y. 261]

The Employers' Liability Assurance Corporation, Ltd., of London, England, Appellant, v. John L. Hayes Construction Co., Inc., Respondent.

*Insurance — contract — policy of insurance may provide that rate be subsequently fixed and relate back to date of policy — provision in policy of workmen's compensation insurance for modification of rates in accordance with manual and rating plan established by rating board — provision in rating plan that adjusted rates shall be effective as of effective date of policy — provision in notice to insured of modified rates that they shall apply from date of policy in accordance with contract — insurer may recover increased rates from inception of policy.*

1. The insured and the insurer are free to contract as they please, subject to the approval of the Insurance Department, and may legally agree that the rate of premium shall be subsequently fixed and relate back to the date of the policy.

2. Where by the terms of a workmen's compensation policy of insurance, effective on the date of its issue, it is agreed that the rates of premium are subject to modification in " accordance with the rate manual and rating plans established by the Compensation Inspection Rating Board," and the rating plan so mentioned provides " adjusted rates determined by the Board shall be published   *   *   *   and the carrier shall make such rates effective for the current policy as of its effective date," and while the policy was in effect the Compensation Inspection Rating Board experience rated the risk and increased the rates, upon which the insurer forwarded to the insured an indorsement of the policy in accordance with the increased rates, a provision therein that they should apply from the " date of issue of this policy," is in accordance with the plan and express contract of the insured and the insurer may recover the increased rate from the inception of the policy.

*Employers' Liability Assur. Corp.* v. *Hayes Construction Co.*, 216 App. Div. 702, modified.

(Argued May 12, 1926; decided July 9, 1926.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered March 1, 1926, modifying and affirming as

**262** Employers' L. Assur. Corp. *v.* Hayes Constr. Co.

[243 N. Y. 261]        Opinion, per Crane, J.        [July,

modified a judgment in favor of plaintiff entered upon a verdict directed by the court.

*Walter L. Glenney, Lawrence C. Stryker* and *Bertrand L. Pettigrew* for appellant. Public policy required that the contract of insurance should provide for a modification of the premium rate during the term of the policy, and the parties did so contract. (*Scranton Leasing Co.* v. *Industrial Commission of Utah*, 51 Utah, 368; *Employers' Liability Assur. Co.* v. *Success Uncle Sam Cone Co.*, 124 Misc. Rep. 614; *German-Alliance Ins. Co.* v. *Lewis,* 233 U. S. 390.) The modified rate was duly approved by the Superintendent of Insurance. (*Peabody, Jr., & Co., Inc., v. Travelers Ins. Co.*, 240 N. Y. 511.) Public policy requires that the modification of the rate should become effective from the effective date of the policy. (*Peabody, Jr., & Co., Inc.*, v. *Travelers Ins. Co.*, 240 N. Y. 511.)

*Clarence C. Fowler* for Superintendent of Insurance of State of New York. The experience rates determined by the Board should be applied from the effective date of the policy and not from the date the carrier mailed the indorsement. (*Young* v. *Duncan*, 218 Mass. 346.)

*I. J. Beaudrias* and *Raeburn W. Jenkins* for respondent. The Legislature did not intend to give to the insurance company the right to set aside premium rates approved by the Superintendent of Insurance and promulgate retroactively a different set of premium rates. (*Peabody, Jr., & Co., Inc.*, v. *Travelers' Insurance Co.*, 240 N. Y. 511.)

Crane, J. The facts upon which this action is brought were agreed upon in the form of a written stipulation. The plaintiff seeks to recover premiums of insurance fixed by the Compensation Inspection Rating Board about eight months after the issuance of the policy, according to the Experience Rating Plan approved and adopted by the Superintendent of Insurance. The trial court ruled that the rate stated in the policy could not be

increased during the life of the policy. The Appellate Division modified the judgment by allowing an increase in the rate from the date of the increase. We are of the opinion that the plaintiff, appellant's position is the correct one, and that increase was made according to the agreement and terms of the policy, to relate back to its inception.

The Compensation Inspection Rating Board has been recognized by law as competent to fix rates for this class of insurance by and with the approval of the State Superintendent. (*Peabody, Jr., & Co., Inc.,* v. *Travelers Ins. Co.,* 240 N. Y. 511.) The Experience Rating Plan is one of the methods by which the Rating Board fixes the premiums for insurance according to the risk. The plan has the approval of the Insurance Department. The method of fixing the rate of the premium and its reasonableness and fairness are not questioned in this case; the only point at issue being the date at which the new or modified rate is to take effect. This, of course, depends upon the contract which the parties have made, the terms of the policy and the statutes which must be read into it. The parties may legally agree to pay a premium to be subsequently fixed which shall relate back to the date of the policy. The insured and the insurer are free to contract as they please, subject to the approval of the Insurance Department.

We, therefore, turn to the policy and the stipulation of facts to determine the contract.

On the 15th day of June, 1921, the plaintiff at the request of the defendant issued to the defendant its universal standard Workmen's Compensation Policy of Insurance covering a period of one year from June 15, 1921, to June 15, 1922. Indorsed on the policy, and made a part of it was the following:

" This policy is issued by the Corporation and is accepted by this Employer with the agreement that the rates of premium are subject to modification in accord-

ance with the rate manual and rating plans established by the Compensation Inspection Rating Board and approved by the Superintendent of Insurance of the State of New York, such modification, if any, to be expressed by indorsement naming the effective date thereof."

This indorsement was according to standard form. The Compensation Inspection Rating Board functions by virtue of sections 67 and 141 of the Insurance Law (Cons. Laws, ch. 28) and authority derived from the Superintendent of Insurance. It inspects risks and fixes rates for premiums in accordance with the Manual of Compensation and Liability Insurance known as the Rate Manual, the Compensation Industrial Rating Schedule, and the Experience Rating Plan, all of which were duly approved by the Superintendent of Insurance, prior to June 15, 1921.

Subsequent to the issuance of the policy of insurance and while the same was in full force and effect on February 17, 1922, the Compensation Inspection Rating Board took the necessary action as required by the Experience Rating Plan in regard to the risk covered by the policy, experience rated the risk in accordance with the plan, modifying the rates by increasing them 53.8 per cent and duly notified the plaintiff. The plaintiff thereafter, on February 28, 1922, forwarded to the defendant an indorsement of the policy in accordance with said modified and increased rates.

This indorsement is contained in full in the stipulation of facts, but need not be copied here. In part, it read: " It is hereby understood and agreed that this risk has been experience rated and that *from date of issue of this policy* the following rates shall apply." (These are the rates sued for by the plaintiff.)

Did the policy contract that the insured should pay such modified rates from the date of the policy?

The indorsement on the policy when first issued stated that the rates of premium were subject to modification in

accordance with the Rate Manual and Rating Plans established by the Board, and approved by the Superintendent of Insurance, and that such modification was to be expressed by indorsement naming the effective date thereof. I have quoted the indorsement above. The Rating Plan thus approved by the Superintendent of Insurance was made part of the policy. It became part of the agreement of the insured. The defendant agreed to pay the rate of premium fixed according to the plan, and to pay it from the date expressed in the indorsement according to the plan.

The Rating Plan is Exhibit 2 in the record, referred to in the stipulated facts as the Experience Rating Plan duly approved by the Superintendent of Insurance. Section 31 thereof provides:

"Adjusted rates determined by the Board shall be published subject to the customary five-day preliminary notice to the insurance carrier, and the carrier shall make such rates effective *for the current policy as of its effective date.*"

The current policy in question became effective on the date of its issue. The modified rate sued for by the plaintiff was made to take effect " from the date of the issue of this policy."

We, therefore, find that the plaintiff has fixed the rate of premiums on the defendant's risk as directed by the Compensation Inspection Rating Board, in accordance with the Experience Rating Plan referred to and made a part of the policy taking effect at the date of the policy in accordance with the plan and the express contract of the defendant.

The plaintiff is entitled to this rate of premium, and as there is no dispute about the figures, the amounts having been stipulated, judgment must be awarded to the plaintiff for the full amount demanded in the complaint.

The judgments should be modified by awarding to the

plaintiff the full amount demanded in the complaint, and as so modified affirmed, with costs to appellant in this court and in the Appellate Division.

LEHMAN, J. (dissenting). The defendant's obligation to pay the adjusted rate concededly depends upon its written agreement. That agreement provides for " modification of rates in accordance with the rate manual and rating plans," etc., but it expressly states that "such modification, if any, to be expressed by indorsement *naming the effective date* " (italics are mine). It seems to me quite clear that the direction contained in section 31 of the Rating Plan that the " *carrier* shall make such rates effective for the current policy as of its effective date " cannot by its own force make the adjusted rates " effective for the current policy *as of its effective date* " when the carrier and the employer have by contract expressly provided that the *" effective date "* of any modification must be expressed by indorsement *naming* such date.

The judgments should be affirmed.

CARDOZO, POUND and ANDREWS, JJ., concur with CRANE, J.; LEHMAN, J., dissents in memorandum, in which HISCOCK, Ch. J., and McLAUGHLIN, J., concur.

Judgment accordingly.