INDEPENDENCE INDEMNITY COMPANY, Appellant, *v.* ALBERT A. VOLK CO., INC., and Another, Respondents.

Supreme Court, Appellate Term, First Department, December 8, 1927.

Workmen's compensation — insurance — rates in policy of workmen's compensation insurance increased — action to recover premiums after cancellation of policy — plaintiff's motion for summary judgment granted.

A workmen's compensation insurance policy was issued and accepted subject to the rate manual and rate plans established by the Compensation Inspection Rating Board. Pursuant to the policy, the rates were increased. In an action, after the cancellation of the policy and after the increased rates became effective, to recover premiums, the plaintiff is entitled to summary judgment, where it appears that eight days after the alleged cancellation of the policy and nearly three years before the making of the motion for summary judgment the defendants were notified of the increased rates and failed to attack the validity thereof.

APPEAL by plaintiff from an order of the City Court of the City of New York, county of New York, denying in part plaintiff's motion for summary judgment.

The suit was instituted to recover premiums on a workmen's compensation policy and a public liability policy. Plaintiff's motion for summary judgment was denied as to the cause of action on the first policy and was granted as to the other cause of action.

It appears that the policy in the first cause of action was issued and accepted on July 11, 1923, subject to the rate manual and rating plans established by the Compensation Inspection Rating Board and approved by the State Superintendent of Insurance.

Pursuant to the policy, the rates were increased and notice of such increased rates was not communicated to the defendants until eight days after the alleged cancellation of the policy.

*Clarence C. Fowler,* for the Superintendent of Insurance of the State of New York.

*Francis G. Hoyt,* for the appellant.

*Stein & Salant [Eli S. Wolbarst* of counsel], for the respondents.

PER CURIAM. While we are of opinion that the justice below erred in denying the motion for summary judgment on the sole ground that the cancellation of the policy barred the plaintiff from recovering premiums at the rate fixed by the board, nevertheless as the effect of granting summary judgment might be to foreclose any possible inquiry by the defendants as to the correctness of the new rate, the application was properly denied.

Order affirmed, with ten dollars costs and disbursements to respondent.

DELEHANTY and LYDON, JJ., concur; CRAIN, J., concurs in result.

## ON REARGUMENT.

PER CURIAM. Motion for reargument or for leave to appeal to the Appellate Division.

In basing our affirmance of the order denying plaintiff's motion for summary judgment herein on the specific ground that the granting of such judgment might foreclose any possible inquiry by the defendants as to the correctness of the new rate, we overlooked the fact that although on December 21, 1923, nearly three years before the making of the motion for summary judgment, the defendants were notified of the increased rate, they apparently took no proceedings before the Compensation Inspection Rating Board or the Commissioner of Insurance pursuant to the provisions of the Insurance Law, to attack the validity of the rate. Upon the plaintiff's proofs as to the making of the rates, and the lack of any facts tending to show error or inaccuracy in their computation and giving the defendants a right to defend in respect thereto, motion for reargument granted, and upon reargument order of this court dated December 7, 1927, vacated, order appealed from reversed, with ten dollars costs and disbursements, and motion for summary judgment granted.

Plaintiff's application for leave to appeal to the Appellate Division dismissed. Leave is given to defendants to appeal to that court.

All concur; present, DELEHANTY, LYDON and CRAIN, JJ.