GREAT AMERICAN INDEMNITY COMPANY, INC., Plaintiff, v. ABBOTT GLASS CO., INC., Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District, November 10, 1933.

*Jesse S. Richman*, for the plaintiff.

*Cohen & Haas* [*Isidore Cohen* of counsel], for the defendant.

SHALLECK, J.  Plaintiff issued a workmen's compensation policy to the defendant covering the period of June 3, 1930, to June 3, 1931.  The policy contained the following provisions: " This policy, issued by the Company and accepted by this employer subject to the rate manual and rating plans established by the Compensation Inspection Rating Board and approved by the Superintendent of Insurance, with the agreement that the classifications and rates of premiums are subject to either correction or modification, or both, in accordance with such rate manual and such rating plans, such correction or modification, if any, to be expressed by endorsement naming the effective date thereof.

" * * * The Company shall also be permitted during the policy period and any extension thereof and within one year after the final termination of the policy to examine the employer's books, vouchers, contracts, documents, and records of any and every kind which show or tend to show the remuneration earned while this policy was in force by employees of the employer or by other persons covered by this policy or which show or tend to show the premium payable as herein provided."

Before the expiration date of the policy the Compensation Inspection Rating Board duly increased the rates by thirty-eight and five-tenths per cent.  After the expiration date, on or about August 6, 1931, the plaintiff caused to be delivered to the defendant an indorsement modifying the rates set forth in the policy so as to provide for an increased rate effective from July 18, 1930.

Defendant's contention is that it is not chargeable with the increase in rate for failure of the plaintiff to notify it in due form before the expiration date of the policy.

The rate of insurance is prescribed by law.  (*Employers' Liability Assurance Corp.* v. *Hayes Construction Co., Inc.*, 243 N. Y. 261 [1926].)  The carrier is without discretion; it may not contract with the assured at a lower rate than that fixed by the Rating Board and approved by the Superintendent of Insurance.  Ordinary rules of contract and barter do not prevail.  In this respect policies of insurance are analogous to contracts of carriage under the Interstate Commerce Act regarding railroads.  Contrary contracts notwithstanding, the cases permit recovery by the carrier, after trans-

portation has been effected, of the difference between the rate charged and the legal rate fixed. (See *Central Railroad of New Jersey* v. *Mauser*, 241 Penn. St. 603 [1913].) In this field of insurance the assured may not receive insurance other than at the rate duly fixed by the empowered authorities. This must be deemed to be the implicit understanding of the parties to such an insurance contract.

In the case at bar the assured specifically agreed to be bound by the rates fixed finally by the authorities for the period of risk or any part thereof. The insurance policy does not call for notification during the period of risk of the determined rate. The terms of the policy providing for a premium based on the audit payroll indicate that the premium was not to be determined until after the expiration of the policy. If the parties so desire there is nothing in law to prevent the exact determination of premiums at any time after the period of risk has elapsed. The assured was notified of the change in rate during the very period fixed by the insurance contract for the final determination of the premium. In *Independence Indemnity Co.* v. *Volk Co., Inc.* (131 Misc. 61, First. Dept. [1927]), judgment was granted to the carrier. The facts there, as in the case at bar, disclosed that the defendants were notified of the increased rate after the termination of the period of risk.

Verdict directed for plaintiff for $799.12. Five days' stay.