AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, Plaintiff, v. HARRY DAVIS and Another, Defendants.

City Court of New York, New York County, June 25, 1942.

*Simon S. Hamburger*, for the plaintiff.

*Alexander H. Rockmore* and *I. Arnold Himber*, for the defendants.

COLEMAN, J. This is an action by a mutual insurance company to recover the unpaid balance of premiums due under certain workmen's compensation policies which it had issued in behalf of the defendants. The complaint alleges that after the premiums were written and before premiums were paid, the plaintiff audited the books of the defendants, determined the rates of premiums to be charged for certain groups of the defendants' employees, according to the nature of their employment, and submitted bills which were paid. But, the complaint continues, the groupings of employees which the plaintiff itself made were erroneous. Under the correct classifications as called for by the Compensation Insurance Rating Board of the State, larger premiums were due and the action is for the balance. Two defenses are presented by the answer, accord and satisfaction, and estoppel. The defense of accord and satisfaction is based upon the allegations that the plaintiff, having determined the rates as the result of its own examination, with full knowledge of the facts, and the defendants having paid, they cannot now be asked to pay any additional amounts. Estoppel, the defendants say, arises from the fact that their own freight charges (as a common carrier by motor vehicle) were based in part upon the premiums originally charged and that their own operating expenses for income tax purposes were computed upon the basis of the original rates, thus increasing the amount of tax. Neither defense is valid.

So far as accord and satisfaction is concerned (assuming that defense to be pleaded adequately), the parties are disabled by the provisions of the Insurance Law (§§ 184, 185) from effecting an agreement that a lesser sum than was actually due for premiums would be accepted in satisfaction of the amount required to be paid by law. The rates established by law must be paid and no arrangement to the contrary — no matter how arising — is valid. (*Employers' Liability Assur. Corp.* v. *Hayes Constr. Co.*, 243 N. Y. 261; *Peabody, Jr., & Co., Inc.*, v. *Travelers Ins. Co.*, 240 id. 511.) Nor can there be any estoppel. As the defendants were required to pay a fixed sum by law, it was as much incumbent upon them to ascertain the proper premium rates as it was upon the plaintiff. They were not free to rely upon the plaintiff's computations. If the doctrine of estoppel could be invoked, a way would be open to evade the requirements of the Insurance Law as to payment of equal rates by all. The damage which defendants say they suffered because the proper rates were not charged in the first instance is a damage which the defendants will have to sustain unless the court is to discriminate in their favor. An analogous situation as to both defenses is one where a railroad seeks to recover the balance of unpaid freight charges after it had once presumed

to collect what it thought was the correct amount. Neither the belief that the first charge was correct nor any damage suffered by the person responsible for the freight charges will stand in the way of the carrier's collecting the proper charge. (*Baldwin* v. *Scott County Milling Co.*, 307 U. S. 478; *Pittsburgh, C., C. & St. L. R. Co.* v. *Fink*, 250 id. 577; *Pennsylvania R. Co.* v. *Titus*, 216 N. Y. 17.)

The motion to strike out the defenses is granted.

Settle order.