HARRY SADIGUR, Respondent, *v.* STATE OF NEW YORK, Appellant.
(Claim No. 25482.)

Third Department, November 10, 1943.

Nathaniel L. Goldstein, Attorney-General (Orrin G. Judd, Solicitor-General; Gerald J. Carey, Assistant Attorney-General, of counsel), for appellant.

Markus Krauthamer, attorney for respondent.

SCHENCK, J. This is an appeal by the State from a judgment of the Court of Claims awarding claimant-respondent the sum of $381.76, with interest, for a refund alleged to be due on a premium for a workmen's compensation insurance policy issued by the State Insurance Fund.

On March 6, 1935, the State Insurance Fund issued to claimant's assignor a policy of insurance effective as of that date, based on the manual, or basic, rates for claimant-respondent's particular industry. In March, 1936, the policy was renewed at a rate fifteen per cent higher than the manual rates and this higher rate was continued for the policy year commencing March 6, 1937. On February 16, 1938, a renewal notice for that year was issued, the rate therein being fixed at the identical manual rate for the industry covered by the policy, and called for the payment of a premium of $1,035.58, which sum was paid by claimant-respondent's assignor on April 14, 1938. Thereafter, by indorsement dated May 26, 1938, the State Insurance Fund notified the insured that there would be an increase in the rates for the year 1938 of seventy-nine and one-half per cent, effective March 6, 1938, and fixed the premium for that policy year at $1,858.99, an increase of $823.41 above the amount of the premium set forth in the renewal notice of February 16, 1938, and which amount had already been paid. Claimant-respondent refused or failed to pay the additional sum and on August 29, 1938, the policy was cancelled and a refund in the sum of $28.62 was paid to the assured, the amount of such refund having been determined on the increased rates set forth in the indorsement of May 26, 1938. We are not concerned with the reasonableness of the increased rates contained in that indorsement, as claimant-respondent concedes that the increased rates are reasonable.

The sole question here presented is whether the refund of premium should have been computed on the rates contained in

the February 16, 1938, indorsement or on the rates set forth in the May 26, 1938 indorsement, which were seventy-nine and one-half per cent higher and which percentage increase was based on a merit rating of the policy by the Compensation Insurance Rating Board based upon the accident experience of this particular policyholder and which had been adopted by the State Fund as its own. In other words, did the State Fund in accepting the actuarial system of the Compensation Insurance Rating Board and basing its own policy rates on the Board's experience tables, violate the terms of the policy or the statutes applicable to State Fund insurance.

The Workmen's Compensation Law, requiring that all employers shall secure the payment of compensation for their employees, makes provision for three methods: (1) Insuring in the State Fund; (2) insuring with a stock company or mutual association authorized to transact business of workmen's compensation insurance, or (3) by qualifying as a self-insurer. (Workmen's Compensation Law, § 50, subds. 1, 2 and 3.) Generally, the average business concern does not possess the necessary resources to set up the required fund to qualify as a self-insurer. Its remedy then is to insure with a private company or with the State Fund. However, insuring with a private company is not available to all employers, as the Compensation Law gives to the private insurance companies the right to select their risks (Workmen's Compensation Law, § 54, subd. 5) and the employer with a high percentage of accidents may be and in many cases is refused insurance by such companies. The State Insurance Fund was established for the purpose of taking care of the risks of all employers. Unlike the private company, it may not select its insured but must furnish a policy of insurance for any employer requesting the same, which policy may be cancelled only for nonpayment of premiums. (Workmen's Compensation Law, § 54, subd. 5.) The various employments and employees secured by policies in the State Fund are classified in such groups as shall be equitably based upon difference of industry or hazard for the purpose of establishing premium rates, and a system of merit rating may be employed which shall take account of the peculiar hazard of each individual risk. It is also provided that the premiums shall be fixed at the lowest possible rates consistent with the maintenance of a solvent fund and reasonable reserves and surplus. (Workmen's Compensation Law, § 89.) Under the system of merit rating an employer with a low percentage of accidents would receive the benefits of a premium rate lower than that charged to an employer with a high loss ratio.

Pursuant to the provisions of sections 67 and 141 of the Insurance Law as in effect in 1938, a Compensation Insurance Rating Board was set up which promulgated a rate of seventy-nine and one-half per cent above the manual rate as appropriate for the risk of the individual business of claimant's assignor. While the State Insurance Fund was exempt from the provisions of section 67 as then in effect, it appears from the record that in 1914 or 1917 it voluntarily became a member of the Compensation Insurance Rating Board, and while the right and obligation to fix rates to be charged remained in the State Fund, it determined these rates upon information furnished by the Insurance Rating Board, thereby adopting the rate schedules as found by this actuarial or fact-finding agency. When the policy was first written as of March 6, 1935, the manual rate, i. e., basic rate, for the particular industry without taking into consideration the merit rating of the insured, was adopted as the premium rate for that year. There was an annual increase in rates on each renewal of the policy with the exception of the rates set forth in the renewal notice or indorsement of February 16, 1938, in which the rates were again the manual rates. The Insurance Rating Board furnished the State Fund with an experience rating sheet which set forth certain loss data in accident experience of the insured and from this experience rating table the State Fund promulgated a new rate for this particular policy based upon the merit rating. This new rating was not contained in the indorsement of February 16, 1938, but was included in the indorsement or notice sent the insured on May 26, 1938, which in addition to the manual rates set forth in the indorsement of February 16, 1938, contained the increased rates based on the merit rating and specified that the effective date thereof was March 6, 1938. Paragraph 6 of the policy contains the following provision: " This policy is accepted by the assured subject to the rate manual and rating plans adopted by the State Insurance Fund and subject to regular annual revision in accordance with such rate manual and rating plans, with the agreement that the classification and rates of premium are subject to either change, correction or modification, in accordance with such rate manual and such rating plans, such change, correction or modification, if any, to be expressed by endorsement naming the effective date thereof." The indorsement of May 26, 1938, in effect, made the new rates retroactive as of March 6, 1938. In policies written by private companies containing language similar to that contained in the policy here at issue, our courts have held that changes expressed by indorsement naming the

effective date made the new rates retroactive (*Employers' Liability Assurance Corp.* v. *Hayes Construction Co.,* 243 N. Y. 261) irrespective of the fact that the policy had expired before such notice and indorsement (*Great American Indemnity Co., Inc.,* v. *Abbott Glass Co., Inc.,* 149 Misc. 437). The lower court endeavors to distinguish the two cases last mentioned on the ground that the policies therein referred to were accepted " subject to the rate manual and rating plans established by the Compensation Inspection Rating Board and approved by the Superintendent of Insurance ", while the policy herein under consideration contains the provision " subject to the rate manual and rating plans adopted by the State Insurance Fund " and that where an insured sought to rely on the rates fixed by the Insurance Rating Board, the State Fund could not thereafter shift from its own rate manual and rating plans to the experience rating tables of the Insurance Rating Board or to the rating schedules of some other actuarial agency.

In this respect I am unable to agree with the court below. Since the rating plan furnished by the Insurance Rating Board was " adopted by the State Insurance Fund " I find no reason why such rating plan should not be employed as its own plan. The base rates, or manual rates, were determined by the general experience of the business in which insured was engaged and the merit rate is based upon the experience of the individual business or employer. Thus, the premium charged is a combination of both items. Under the provisions of the policy the State Fund was required to adopt a rate manual and rate plans. In carrying out this requirement it could make its own actuarial examination or employ an insurance rating board to make such examination and adopt a premium rate based on that board's finding. The State Fund had voluntarily become a member of the Insurance Rating Board and the adoption of rates based on its report is in nowise a violation of the statute. The notice of February 16, 1938, showing the amount of the premium for the policy year was based upon basic annual rates, and the additional premium set forth in the indorsement of May 26, 1938, increased the premium by reason of the merit rating of the particular risk of this employer as found in the experience rating schedule of the Insurance Rating Board which was adopted by the State Fund and such adoption was not inconsistent with the terms of the policy and did not constitute a shifting from one rate plan to another. It was not, as the court below held, a " shift from its own rate manual and rating plans to the experience rating of the Compensation Insurance Rating

Board ''. It was simply an adaptation of a plan developed by the experience of the Insurance Rating Board, the rate being based on an examination of the accident ratio of this particular employer. The action of the State Insurance Fund in adopting the system of rates as contained in the experience rating schedules of the Insurance Rating Board as its own plan, is in accord with the terms of the policy and the statute and, accordingly, the rates were retroactive in effect.

The judgment of the Court of Claims should be reversed and the claim dismissed, in the circumstances, without costs.

All concur.

Judgment reversed and claim dismissed, without costs.