American Mutual Liability Insurance Company, Appellant, *v.*
Velletri Construction Corp., Respondent.

First Department, October 27, 1953.

*Harold Green* of counsel (*Hamburger & Green,* attorneys), for appellant.

*Robert J. Sykes* of counsel (*Joseph B. Duggan,* attorney), for respondent.

*Per Curiam.* Plaintiff, insurer of defendant, under a workmen's compensation policy for the period April 15, 1952, to November 26, 1952, covering defendant's wrecking or demolition job and under a general liability policy for the same period, sues defendant for an increase in the premium due on the workmen's compensation policy from $1,912.37 to $7,698.43 and for an increase in the premium due on the general liability, all additional sums totaling, with allowances, $10,726.19; and demands judgment against the insured in such sum.

In its answer, the insured after denials, sets forth a separate defense and counterclaim alleging in effect negligence on the part of the insurer, in reporting to the Compensation Insurance Rating Board an incorrect and "false" description of the buildings to be wrecked as a result of which the rating board after discovery of the "falsity" of the representations, recomputed the premium due on the workmen's compensation policy for the wrecking job of $7,698.43 instead of $1,912.37 as originally computed; and by reason of loss and damage the insured suffered, defendant demands a declaratory judgment against insurer for the amount of the excess premiums and such additional damages as the insured may have suffered.

Plaintiff moved under rule 109 of the Rules of Civil Practice to strike out the counterclaim and defense as insufficient in law. Special Term on March 31, 1953, struck out the demand for a declaratory judgment in the setoff or counterclaim, but refused to strike the defense of the insurer's alleged negligence and claimed false statements causing, defendant contends, the unpaid balance sought to be recovered in this action. Plaintiff alone appeals.

Defendant does not deny the correctness of the increased premium as recomputed by the rating board and admits that the manual of rules and rates established by the Compensation Insurance Rating Board and approved by the New York State Superintendent of Insurance was a part of the workmen's compensation policy issued subject thereto. In our opinion the defense is insufficient and should have been stricken out as a matter of law (*Peabody & Co.* v. *Travelers Ins. Co.*, 240 N. Y. 511; *Employers' Liability Assur. Corp.* v. *Hayes Constr. Co.* 243 N. Y. 261; *Great Amer. Ind. Co.* v. *Abbott Glass Co.*, 149 Misc. 437; *Employers Liability Assur. Co.* v. *Success Uncle Sam Cone Co.*, 124 Misc. 614 [1925], SHIENTAG, J.; *American Mut. Liability Ins. Co.* v. *Davis*, 178 Misc. 709). In *Employers Liability Assur. Co.* v. *Success Uncle Sam Cone Co.* (*supra*, p. 618), SHIENTAG, J., said: " It is not only the right of the State but its duty to see to it that the financial stability of insurance carriers is maintained and that a just and adequate system of rates and premiums is established and adhered to. The case is somewhat analogous to that arising under the provision of the Interstate Commerce Act that no carrier shall engage in transportation unless its rates are filed and published, and that no carrier may charge a greater or less compensation for transportation than the rates specified in the tariffs filed. (*Pennsylvania R. R. Co.* v. *Titus*, 216 N. Y. 17; *Central R. R. Co. of N. J.* v. *Mauser,*

241 Penn. St. 603; *Louisville & Nashville R. R. Co.* v. *Maxwell,* 237 U. S. 94.) " (See, also, *Pennsylvania R. R. Co.* v. *White & Co.,* 280 App. Div. 587, affd. 305 N. Y. 801.)

The order of Special Term appealed from should be modified by granting plaintiff's motion to strike out the defense pleaded in paragraphs 7 to 23 of the answer and as so modified affirmed, with costs to plaintiff, appellant.

DORE, J. P., COHN, CALLAHAN, BASTOW and BOTEIN, JJ., concur.

Order unanimously modified in accordance with the opinion herein and, as so modified, affirmed, with $20 costs and disbursements to the appellant.