AMERICAN MOTORISTS INSURANCE COMPANY, Respondent-Appellant, *v.* NEW YORK SEVEN-UP BOTTLING CO., INC., Appellant-Respondent.

First Department, February 26, 1963.

*Frank H. Connelly* of counsel (*McGovern, Vincent & Connelly,* attorneys), for appellant-respondent.

*Edwin D. Kyle* of counsel (*Duer & Taylor,* attorneys), for respondent-appellant.

STEUER, J. Plaintiff moved at Special Term for summary judgment and, on the motion being granted, defendant appeals. The order directed an assessment and, from certain findings made by the court on the assessment, plaintiff appeals.

The action is by an insurance carrier against its insured for a balance of premium earned. Suit is on three successive policies, each for one year beginning, respectively, 1957, 1958 and 1959. For the purposes of this motion the background of the writing of the policies as set forth in defendant's opposing affidavits will be taken to represent the facts. From these it appears that defendant has been for several years in the business of bottling soft drinks. In its business it used trucks for the delivery of its product. For some years it insured these trucks with the plaintiff company and then discontinued the relationship. Just prior to the issuance of the policies in suit, defendant was contacted by plaintiff with a view to resumption of the relationship. At that time defendant was operating about 15 trucks and hiring about three times that number from a truck rental company. In the negotiations defendant informed plaintiff that if a satisfactory premium could be worked out, defendant would buy the trucks it was renting and insure the entire fleet with plaintiff. Plaintiff then stated that the premium would be the "basic limits premium." This is a premium of a certain amount per vehicle depending on the limit of coverage, as set out in the Manual of Rates filed with the Insurance Department, and is also called the manual rate. Defendant, who was apparently represented by individuals well versed in this field, inquired how this could be accomplished, doubtless having in mind the necessity of applying the experience factor. To understand the conversation it is requisite to know how insurance is written for fleets in accordance with the regulations of the Insurance Department as promulgated by it. An initial premium is paid in accord with the published basic limits. After the policy expires an "experience basis" is applied. The factor is obtained from the accident experience of the fleet operator during three prior years, the years in question being those beginning four years prior to the issuance of the policy and

excluding the year immediately preceding. (The method of calculation is set out and there is no dispute here as to its provisions or the calculations made pursuant to it.) It was in view of the fact that application of the experience factor is mandatory that the question was asked as to how it could be avoided. Plaintiff's representative is said to have replied that the defendant company had no experience basis in the years in question to which the formula could be made to apply. The grounds for this answer, which was credited by defendant, were that in the years from which the experience basis would be figured defendant had insured in an Illinois company which charged a premium on the number of cases transported and that it was impossible to apply the experience rate to it. There is no doubt that this answer was incorrect as the manual provides a method of converting the premium so paid into a figure to which the experience rate can be applied. The answer was, however, accepted as true; defendant bought the trucks and the policy in standard form (which provides for correction of the estimated premium) written. Defendant paid the estimated premium for which it was billed. It refused to pay additional sums based on the application of the experience rate. The question is whether it is obligated to.

In this case it is not disputed that the rates were properly fixed and filed. That being so, there can be no doubt that the insurer cannot deviate from those rates (Insurance Law, § 185). Any agreement that an insurer may make to charge a lesser rate is void (*Peabody, Jr. & Co.* v. *Travelers Ins. Co.*, 240 N. Y. 511). No inadvertence or mistake of the insurance company can prevent the collection of the proper premium (*American Mut. Liab. Ins. Co.* v. *Velletri Constr. Corp.*, 282 App. Div. 500). As pointed out by the late Mr. Justice SHIENTAG (*Employers Liab. Assur. Co.* v. *Success Uncle Sam Cone Co.*, 124 Misc. 614), the situation is analogous to the tariff rates under the Interstate Commerce Act, where the shipper is bound to know the published rates and no estoppel or representation can operate in his favor (*Baldwin* v. *Milling Co.*, 307 U. S. 478). It follows that there is no defense and Special Term correctly awarded judgment.

The controversy on the calculation of the premium due centers around two claimed credits, both allowed by the court. The first concerns whether the dividend which would ordinarily be payable is to be forfeited. Plaintiff's position is that the apportionment of dividends is discretionary with its directors and the latter have provided that where collection action is necessary no dividend is payable. We do not understand that

plaintiff claims an unlimited discretion but only one that accords with equal rights of policyholders. Here the defendant did not put the plaintiff to the burden of "collection" in the sense that the word is used in contradistinction to establishing a claim. It cannot be said that the defendant in contesting its obligation to pay was neglecting or seeking to avoid payment by means of a colorable but insincere defense. The dividend regulation does not in terms bar the credit of a dividend under such circumstances and the court was correct in allowing it.

The remaining credit concerns a fleet allowance. The manual provides for an allowance for fleets of a certain number. The question is whether this includes in addition to the vehicles insured those owned by defendant or its affiliates and operating outside the State. While such are not included in the "Automobile Fleet Plan" of the rating procedures, the court allowed them on the basis that they are considered in fixing the experience rating. These provisions are entirely distinct and one does not influence the other. The allowance of the additional credit was improper.

The order appealed from should be unanimously affirmed and the judgment modified on the law and the facts by increasing the same by $5,768, and appropriate interest, the same being the amount of additional fleet credit, and as so modified, affirmed, with one bill of costs to plaintiff-respondent-appellant.

BOTEIN, P. J., RABIN, EAGER and NOONAN, JJ., concur.

Order, entered on April 28, 1961, unanimously affirmed and the judgment modified on the law and the facts by increasing the same by $5,768, and appropriate interest, the same being the amount of additional fleet credit, and as so modified, affirmed, with one bill of costs to plaintiff-respondent-appellant. Settle order on notice.