Guy Gilbert Ribaudo, J.
Plaintiff, an insurance company, seeks to recover premiums (stipulated to be $661.36) earned during the period November 3, 1959 to September 3, 1960 under a workmen’s compensation policy issued by plaintiff to defendant. Defendant contends that a general release given in consideration of $2,500 by plaintiff to defendant on February 21, 1961 is a full defense to the action. The case is presented on an agreed statement of facts.
In November, 1960, plaintiff had instituted an earlier action against the defendant in Municipal Court, Borough of Manhattan, First District (Index No. 4558-1961) in which plaintiff sought recovery of earned premiums on seven different policies, to wit: two separate manufacturers’ and contractors’ liability policies; one owners, landlords and tenants liability policy and four separate fire insurance policies. Each formed the basis of one of seven causes of action pleaded in that complaint. The total of earned premiums there sought was $2,603.77.
Because of a malfunction in plaintiff’s IBM machinery, this earlier suit did not include a claim for earned premiums on the workmen’s compensation policy here involved, although audit of the defendant’s books had disclosed to plaintiff the existence of that indebtedness in September, 1960.
Defendant’s time to answer in this earlier action was extended from time to time as discussions of settlement took place between the attorneys. The parties here further stipulate that: “No answer was interposed by the defendant in the first action but *664 negotiations between the attorneys resulted in a settlement thereof for the round sum of $2500.00. Defendant insisted, however, that a General Release be delivered to it for all claims that the plaintiff had against the defendant before it would pay the sum of $2500.00. Thus, on February 21,1961, plaintiff drew, executed and delivered its General Release of the defendant (which Release is in evidence before the Court) and on or about February 25, 1961, defendant forwarded its check for the said sum of $2500.00.”
Defendant does not question that the $661.36 of earned premiums on the workmen’s compensation policy would be due plaintiff but for the general release. Decision therefore turns on the effectiveness of this release as a bar to plaintiff’s action.
Plaintiff contends and I agree, that the provisions of article VIII (§ 184, subd. 1; § 185, subd. 1) of the Insurance Law of this State prevent this release from constituting a bar to this action for workmen’s compensation insurance premiums.
Under subdivision 1 of section 184 authorized insurers are required to file with the Superintendent of Insurance various schedules, manuals and plans of rates, risks and rules. Under subdivision 1 of section 185, insurers are forbidden' to charge or receive rates which deviate from those filed with the Superintendent. The filed rates thus have the force of law and any agreement changing or varying such rates would be invalid.
It is the clearly expressed policy of this State to remove the matter of insurance rates, premiums and classifications from the field of private bargaining and agreement and thus guard against the harmful effects of rebates, discriminations and favoritism in rates (Employers Liab. Assur. Co. v. Success Uncle Sam Cone Co., 124 Misc. 614). This policy is analogous to that of the Federal Government expressed in the Interstate Commerce Act (U. S. Code, tit. 49, § 1 et seq.) that no carrier shall engage in transportation unless its rates are filed and published and that no carrier may charge greater or lesser compensation for transportation than the rates specified in the tariffs filed.
The parties were therefore “ disabled by the provisions of the Insurance Law * * * from effecting an agreement that a lesser sum than was actually due from premiums would be accepted in satisfaction of the amount required to be paid by law. The rates published by law. must be paid and no arrangement to the contrary — no matter how arising — -is valid.” (American Mut. Liab. Ins. Co. v. Davis, 178 Misc. 709.) The plaintiff cannot be held to the release and no right of the defendant is violated by this repudiation. ‘ ‘ The law favors *665 obedience to its statutes rather than the keeping of contracts in violation of them.” (Peabody & Co. v. Travelers Ins. Co., 240 N. Y. 511, 519.) It follows, therefore, that the release must fail as a defense to this action.
Completely apart from considerations of public policy as expressed by the Insurance Law, a serious question would still exist as to whether the release could effectively bar plaintiff’s request for relief. It is not at all certain that ‘ ‘ the purpose for which the release was actually given ” or that “ the controversy being settled ” thereby included workmen’s compensation premiums which are the subject of this action (Cahill v. Regan, 5 N Y 2d 292, 299; Oxford Commercial Corp. v. Landau, 16 A D 2d 218). However, we need not reach these questions here.
Accordingly, judgment is directed in favor of the plaintiff in the sum of $661.36. The parties have waived interest, costs and disbursements.