In the Matter of the Claim of LAWRENCE COVELL, Respondent, v. STATE INSURANCE FUND, Appellant, and WILLIAM BRILL, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. Appeal by the State Insurance Fund from a decision of the Workmen's Compensation Board. The only issue on this appeal concerns the question of insurance coverage. The following relevant facts were found by the board and are not disputed by the appellant: " The employer herein, William Brill, on June 28, 1965 was awarded a contract by the Village of Pawling to collect garbage for the period July 1, 1965 to July 1, 1966. On June 29, 1965, he went to the broker, Philip G. Sheridan, where an application to the State Fund was made out for coverage beginning July 1, 1965 which, on the same date, was forwarded to the State Fund together with Mr. Sheridan's covering letter and check for $59, which was received by the State Fund on June 30, 1965. The broker notified the Village of Pawling on June 29, 1965 that the employer was covered for workmen's compensation insurance. On the following day, the State Fund underwriting department returned the application and check to Mr. Sheridan advising that $59 was insufficient, that on the basis of the information contained in the application, $83.50 is the deposit premium required. On July 2, 1965, Mr. Sheridan returned the application to the State Fund together with the $59 check and another check for $24.50. The State Fund issued a policy for the period July

4, 1965 to July 4, 1966. The accident to the claimant occurred on July 1, 1965." The board in its decision found " that the State Insurance Fund issued a policy to the employer based on his application to secure coverage effective July 1, 1965. The advance premium submitted with the application was sufficient at the time it was tendered based on the employer's estimate of his payroll. The Board further finds that the request of the State Insurance Fund for additional premium was based on an arbitrary estimate of payroll, which additional premium in fact was promptly paid and did not in any way change the application for coverage. Therefore, since the State Insurance Fund acted upon the original application, seeking coverage as of July 1, 1965, the policy issued by the State Insurance Fund is deemed issued and effective as of said date." So that our decision may be confined to circumstances involving the State Insurance Fund as a carrier, it is necessary to take cognizance of the fact that the said Fund has no discretion as to the issuance of a workmen's compensation policy. In *Sadigur* v. *State of New York* (267 App. Div. 59, 61) the court stated: " Unlike the private company, it [State Insurance Fund] may not select its insured but must furnish a policy of insurance for any employer requesting the same, which policy may be cancelled only for nonpayment of premiums. (Workmen's Compensation Law, § 54, subd. 5.)" We note that the appellant is correct in contending that the facts found by the board would be insufficient to permit reformation of a policy issued by a *privately* owned insurance carrier. The appellant, however, is created by statute and must comply with both the intent and express directions of the Workmen's Compensation Law. The Fund was established " for the purpose of insuring employers against liability for personal injuries or death sustained by their employees ". (See Workmen's Compensation Law, § 76.) While the Commissioners of the State Fund have the authority to adopt rules (Workmen's Compensation Law, § 83) for the conduct of its business, they cannot in any way limit, abrogate or restrict the requirement that a policy must be issued upon proper application. We find that as a matter of law the appellant *must* assume coverage as of the date specified in a *proper* application when the application is received on or before such date. A reasonable construction of sections 92 and 93 of the Workmen's Compensation Law would indicate that no premium has to be paid by the applicant until he is given due notice of the same by the appellant. In the present case the applicant did in fact forward a sum of money and was at the very least entitled to temporary coverage whether by binder or otherwise. The duty of the appellant to assume coverage in no way limits the assertion of any defenses it may have in regard to liability. In the present case no defense is raised other than as to the appellant's right to refuse coverage as of the date specified in a proper application received prior to such date. The facts in this case do not sustain such a defense as a matter of law. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Herlihy, J.