In the Matter of the Claim of GIOVANNI DENISI, Respondent, v. IRWIN L. PARKS et al., Doing Business as EMPIRE TREE SURGEONS, Respondents, and STATE INSURANCE FUND, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the State Insurance Fund from a decision of the Workmen's Compensation Board, filed November 22, 1971, which affirmed a Referee decision making an award to decedent based on a finding that a workmen's compensation insurance policy issued by the State Insurance Fund should be reformed so as to be deemed issued and in effect on the date of the accident. Elia Denisi, claimant's decedent, was employed as a laborer for Empire Tree Surgeons (Empire), whose two partners, on September 11, 1969, went to the office of Leon Lewis, an insurance broker, informed Lewis that they had a contract with the Village of Seneca Falls (Village) to cut and remove trees, and that they needed a workmen's compensation insurance policy effective Monday, September 15, 1969. Lewis unsuccessfully attempted to secure such a policy from his regular companies and then wrote a letter, at the request of and on behalf of Empire, to the State Insurance Fund in Rochester, requesting that a policy be issued to Empire, effective September 15, 1969, covering the tree removal work and that a Certificate of Insurance be furnished to the village showing coverage as of that date, as well as containing other information pertinent to the issuance of a policy. Said letter was received in the Fund's Rochester office on Friday, September 12, but the underwriter who handled the application did not issue a binder or a policy as requested because the application was not signed by the employer and there was no deposit. She took no further action, except for attempting once to place a person-to-person telephone call to Lewis in mid-afternon, and referred the matter to a field representative who was not going to take care of the matter until he was able to do so in person sometime during the week of September 15. Acting under the mistaken assumption that a policy had been issued, the village permitted the employer to commence work on September 15, and it was on this day that decedent was injured. The Fund subsequently issued a policy effective September 18, 1969. The Fund, having been established for the purpose of taking care of the risks of all employers, may not select its insured but must furnish a policy of insurance for any employer requesting the same, which policy may be canceled only for nonpayment of premiums (*Sadigur* v. *State of New York,* 267 App. Div. 59). Upon re···pt of the letter of September 11, the Fund was alerted that the employer requ···ed coverage as of September 15 for hazardous work to be performed for a municipality (see Workmen's Compensation Law, § 57). Lewis testified that he had sent the same type of request to the Fund in the past, and policies had been issued in accordance with his requests. However, in the instant case, the Fund's underwriter admittedly failed to follow the established procedures for this situation, and as a result, the policy was not issued in time. Given the obligation on the Fund to supply coverage and the failure to follow the procedures established to implement such coverage in a situation where the Fund admittedly possessed the requisite information to issue a policy, we cannot say that the board erred in reforming the policy to effect coverage as of September 15, 1969, which power it may exercise (*Matter*

*of ·Covell* v. *State Ins. Fund,* 29 A D 2d 1039). Decision affirmed, without costs. Herlihy, P. J., Greenblott, Cooke, Main and Reynolds, JJ., concur.