EMBRY, Justice.
This is an appeal from a declaratory judgment holding a policy of insurance issued by appellee, State Farm Mutual Automobile Insurance Company (State Farm), to appellant, Jimmie L. Yarbrough, lapsed by reason of nonpayment of premium after notice that an additional premium was due and that the policy would be cancelled upon failure to pay such additional premium.
The additional premium was charged Jimmie Yarbrough for two reasons. First, his policy had originally been issued at a discount because he had two policies with State Farm. He had, however, allowed the other policy to lapse for nonpayment of premium. Second, coverage of a youthful driver, Donald Yarbrough, in the lapsed policy was transferred to Yarbrough’s remaining policy.
The issue is whether State Farm lawfully charged the additional premium.
In light of §§ 27-13-67, -68, -76, Code 1975, and the facts as stipulated by the parties, we hold State Farm was required by law to charge the additional premium and affirm the judgment of the circuit court.
This case began when Donald Yarbrough was injured on 30 January 1975 while riding as a passenger in the car of his brother, Jimmie L. Yarbrough, which collided with an uninsured motor vehicle driven by an uninsured motorist. Donald Yarbrough sought to recover damages from State Farm under the uninsured motorist provision of a policy issued by State Farm to Jimmie L. Yarbrough. State Farm denied coverage and Donald Yarbrough filed this action for breach of contract. By amendment, Jimmie L. Yarbrough was added as a party plaintiff. State Farm answered and counter-claimed for declaratory judgment declaring that no contract of insurance existed between Jimmie Yarbrough and State Farm on 30 January 1975 when Donald Yarbrough was injured.
The parties stipulated that State Farm had complied with § 27-23-23, Code 1975, requiring notice as a condition precedent to the cancellation of a policy. It was further stipulated that the Manual of Rates and Rules of State Farm, which included the rates given Jimmie Yarbrough, had been submitted to, and approved by, the Alabama Department of Insurance as required by §§ 27-13-67, -68, Code 1975. There was no contention on the part of the Yarb-roughs that any unearned premium was due, nor that they were the victims of any fraud, deceit, or misrepresentation. Upon submission under the stipulated facts, and evidence taken ore tenus, the trial court entered the declaratory judgment in behalf of State Farm.
The Yarbroughs contend that although State Farm’s underwriting rules, as filed and approved, provide for the discount, they do not authorize State Farm to charge an additional premium in the event one of the policies is dropped. Since § 27-13-76, Code 1975, prohibits insurers from charging a premium not in accordance with a rating system on file with, and approved by, the Insurance Commissioner, the Yarbroughs maintain State Farm’s charge of the additional premium was unlawful.
An examination of the relevant underwriting rules in the State Farm Manual of Rates and Rules refutes this contention. Rule 211 states:
“ * * * when two or more private passenger automobiles are insured for one family the premiums for bodily injury and property damage liability, medical payments, collision and comprehensive coverages are discounted 10%.”
It is clear the ten percent discount was conditioned on two or more automobiles being insured. Rule 105 further provides:
“Changes that affect the coverage provided by the policy, or the territory, use, description or rating classification of the risk, may require transfer of the insurance to a new policy or endorsement of the present policy.
“If a different premium is required by the Company for the remainder of the current policy term, any additional premium or premium credit shall be computed pro rata.”
*656 These rules when taken together authorize the additional premium charged Jimmie Yarbrough.
It was stipulated the rules were filed and approved with the Insurance Commissioner. Sections 27-13-68, -76, Code 1975, required that State Farm charge premiums in accordance with those rules. To charge a lesser rate than provided for would violate these provisions. See generally, American Motorists Insurance v. New York Seven-Up Bottling Co., 18 App.Div.2d 36, 238 N.Y.S.2d 80 (1963). Section 27-13-76 further requires:
“ * * * No insurer, or employee thereof, and no broker or agent shall pay, allow or give, or offer to pay, allow or give, directly or indirectly, as an inducement to insurance, or after insurance has been effected, any rebate, discount, abatement, credit or reduction of the premium named in a policy of insurance, or any special favor or advantage in the dividends or other benefits to accrue thereon or any valuable consideration or inducement whatever not specified in the policy of insurance, except to the extent that such rebate, discount, abatement, credit, reduction, favor, advantage or consideration may be provided for in rating systems filed by, or on behalf of, such insurer and approved by the commissioner. No insured named in a policy of insurance nor any employee of such insured shall knowingly receive or accept, directly or indirectly, any such rebate, discount, abatement or reduction of premium, or any such special favor or advantage, or valuable consideration or inducement.”
A gratuitous discount was not intended by the underwriting rules of State Farm nor is it allowed by law.
State Farm was both authorized and required to charge the additional premium. Since it was stipulated that Jimmie Yarb-rough refused to pay the premium and State Farm complied with statutory prerequisites to termination, the judgment of the circuit court holding the policy had lapsed at the time of the injury to Donald Yarb-rough must be affirmed.
AFFIRMED.
TORBERT, C. J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.